CC: Defendant Cesar Solario via U.S. Mail

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 96-847(A)-RSWL |
| Plaintiff, | **ORDER Re: Defendant's Motion for (1) Appointment of Counsel Under (CJA) for the Purpose of: (2) Modification of Term of Imprisonment Pursuant to Retroactivity of the Amendment 287 of the U.S.S.G. (The Minus-2 Amendment)** [673] |
| v. | |
| CESAR SOLARIO, | |
| Defendant. | |

Currently before the Court is *pro se* Defendant Cesar Solario's ("Defendant") Motion for (1) Appointment of Counsel Under (CJA) for the Purpose of: (2) Modification of Term of Imprisonment Pursuant to Retroactivity of the Amendment 782 of the U.S.S.G. (The Minus-2 Amendment) [673] ("Motion"). In his Motion, Defendant makes two requests: (1) for a modification of his sentence under Amendment 782 to the United States

1

Sentencing Guidelines ("U.S.S.G.") § 2D1.1 and (2) for appointment of counsel for his 18 U.S.C. § 3582(c)(2) motion or hearing.  Having considered all papers submitted, the Court **HEREBY RULES AS FOLLOWS:** Defendant's Motion [673] is **DENIED.**

On March 27, 2000, a jury convicted Defendant of conspiracy to manufacture methamphetamine and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  At the time Defendant was sentenced in 2000, U.S.S.G. § 2D1.1 required a conviction involving at least 1 kilogram but less than 3 kilograms of actual methamphetamine to qualify as a level 36 offender.

On November 1, 2014, Amendment 782 to U.S.S.G. § 2D1.1 went into effect, which lowered the offense levels for actual methamphetamine offenses listed in § 2D1.1.  Currently, at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine is required to constitute a Base Offense Level of 36.

Pursuant to Defendant's sentencing, this Court made factual findings that Defendant was in possession with intent to distribute a quantity of actual methamphetamine exceeding 1.5 kilograms.  As such, if Defendant were sentenced today, his Base Offense Level would remain at level 36.  Therefore, Amendment 782 has no effect on Defendant's guideline range, and a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) is not appropriate.

Additionally, the nature of Defendant's convictions and the factors set forth in 18 U.S.C. § 3553(a) weigh against reduction of his sentence.  Accordingly, Defendant's Motion [673] for a modification of his sentence is **DENIED**.

With regards to Defendant's request for appointment of counsel, courts have discretion in § 3582(c)(2) proceedings to appoint counsel, but "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing."  <u>United States v. Webb</u>, 565 F.3d 789, 795 (11th Cir. 2009).  Because Defendant's motion to have his sentence reduced is meritless, the Court declines to exercise its discretion to appoint counsel.  <u>See</u> <u>United States v. Richardson</u>, 569 Fed. Appx. 504, 504-05 (9th Cir. 2014) (upholding discretionary decision not to appoint counsel in § 3582(c) proceedings where "[a]ll of the arguments [defendant] claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined").

For the foregoing reasons, Defendant's Motion [673] is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: November 2, 2015          *RONALD S.W. LEW*
                                  _____
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge